JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 16-02192-RGK (MRWx)** | Date | August 11, 2016 |
|---|---|---|---|
| Title | ***LORIE BEAUPRE v. KAISER FOUNDATION HEALTH PLAN, INC., et al*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT**

On March 31, 2016, Kaiser Foundation Health Plan, Inc., et al ("Defendants") removed this action to federal court on the ground of federal question jurisdiction, pursuant to 28 U.S.C. § 1331.

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, et seq. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

Defendants state that the basis for removal is that the action is preempted by federal law, specifically ERISA. However, the Court's careful review of the Complaint filed by Lorie Beaupre ("Plaintiff") shows that Plaintiff raised no federal question therein. Plaintiff's Complaint sets forth only state statutory and common law claims arising out of alleged age discrimination and wrongful termination. In their Notice of Removal, Defendants explain that in an *opposition* to Defendants' Motion for Summary Judgment, Plaintiff raised issues that implicate the CBA, which is governed by ERISA. This explanation is unavailing, as it is well-established that it is *not* enough for removal purposes that a federal question may arise during the course of litigation in connection with some defense or counterclaim. "For better or worse . . . a defendant may not remove a case to federal court unless the *plaintiff's complaint* establishes that the case 'arises under' federal law." *Franchise Tax Board of State of Calif. v. Construction Laborers Vacation Trust for Southern Calif.*, 463 US 1, 10 (1983) (emphasis in original).

For the foregoing reasons, the Court finds that Defendants has not satisfied their burden of showing that subject matter jurisdiction exists. Therefore, the above-entitled case is ordered **REMANDED** to the Superior Court for all further proceedings for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | |